UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Tookie Brown, # 120395,

Plaintiff,

vs.

John Doe, Transportation Officers of Kirkland;
Jane Doe, Transportation Officers of Kirkland;
Bernard McKie, Warden of Kirkland;
Dr. Moore, FNU, Physicians of Kirkland;
Dr. Bennette, FNU, Physicians of Kirkland;
Jane Doe, Nurse of Kirkland;
Mr. Capers;
Mr. Beckett, and
Mrs. Murphy, in their individual and personal capacities,

Defendants.

C/A No. 4:12-927-TLW-TER

ORDER

---

Presently before the court is Plaintiff's motion to compel discovery, to compel SCDC or this court to make copies of his handwritten material, and to compel a non-party Williamsburg FCI to produce certain documents. (Doc.#67).

As to Plaintiff's motion to compel SCDC or the court to make copies of his handwritten material, this is an improper request and the motion (doc. # 67) is DENIED.

As to the motion to compel discovery from Defendants Dr. Moore, Dr. Bennett, and Jane Doe, Nurse of Kirkland identified as Yolanda Hernandez, these Defendants filed a response in opposition asserting the motion should be denied for failure to comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure requiring a party moving for an order to compel to include a certification with his filing that he has in good faith attempted to confer with the opposing party. Additionally, Defendants responded that they have complied with the Plaintiff's discovery requests.

These Defendants assert that the Plaintiff's motion to compel contains three separate requests, each requesting a different remedy from the Court which are all inapplicable to these Defendants. Defendants assert that part of his motion to compel requests an order compelling Williamsburg FCI to comply with his document request. These Defendants contend that they are former or current employees of SCDC (unrelated to Williamsburg FCI, a federal institution). They argue that the request is directed at a non-party and, nonetheless, not at them. The undersigned agrees.

Plaintiff seeks also an order compelling these Defendants to respond to Request for Production numbers 10 and 15. Defendants assert Plaintiff's motion to compel should be denied as their responses to Request for Production 10 and 15 were not insufficient as alleged by Plaintiff. In Request for Production No. 10, Plaintiff requested "any and all written SCDC Request to Staff Member forms addressed to Dr. Moore on 9/6/11, 9/14/11, 9/18/11, and 10/20/11; and written SCDC Request to Staff Member forms addressed to Dr. Nerelli on 10/28/11." In their Response to request for Production No. 10, Defendants responded they "are not in possession of any Request to Staff forms." Defendants again asserted that they are not in possession of these forms in their response to the Motion to Compel. As to Request for Production No. 15, Plaintiff requested "'any and all bottom bunk and floor passes' issued by Dr. Bennett or Dr. Neville." Defendants state they responded to his request asserting that they were not in possession of any bottom bunk or floor passes but produced a copy of Plaintiff's medical record as part of the discovery responses and admitted that Dr. Neville issued a bottom bunk and floor pass to the Plaintiff on November 2, 2011. (Doc. #70). Based on the responses to the discovery requests, the court finds these Defendants have sufficiently responded to the Request for Production No. 15.

As to Request for Production No. 10, Rule 34(a), Fed. R. Civ. P., requires a party to produce documents responsive to a request that is within the party's "possession, custody, or control." The court cannot determine from the response of Defendants whether or not they fall within the language of Rule 34. Therefore, *Defendants shall either produce the documents requested or provide an affidavit as to whether they are in "possession, custody, or control" of the documents requested within fifteen (15) days of the date of this order*. Accordingly, the motion to compel (doc. #67) as to Defendants Dr. Moore, Dr. Bennette, and Jane Doe, Nurse of Kirkland identified as Yolanda Hernandez is GRANTED IN PART AND DENIED IN PART as set forth above.

Defendants John and Jane Doe, Transportation Officers of Kirkland, Warden Bernard McKie, Mr. Capers, and Mr. Beckett filed a response in opposition to Plaintiff's motion to compel (Doc. #67). These Defendants assert that Plaintiff's motion to compel should be denied for failure to comply with Local Federal Civil Rule 37.01(A) by failing to file the motion to compel within 21 days after receipt of the discovery responses and Rule 37(a)(1) of the Federal Rules of Civil Procedure requiring a party moving for an order to compel to include a certification with his filing that he has in good faith attempted to confer with the opposing party. Additionally, Defendants argue the motion should be denied as it is meritless. Plaintiff did not file a reply to this response.

Based on the evidence before the court, these Defendants served their responses to Plaintiff's Interrogatories, Admissions and Production on December 14, 2012. Plaintiff did not file his motion to compel until January 22, 2013. Thus, Plaintiff's motion to compel (doc. #67) is DENIED as to these Defendants for failure to comply with Local Federal Civil Rule 37.01(A) by failing to file his motion to compel discovery within twenty-one (21) days after receipt of the discovery responses to which the motion to compel is directed.

Additionally, Plaintiff asserts that he has not been able to obtain information he needed from the Defendants with regard to Williamsburg FCI and was previously denied his request for blank subpoenas. This motion to compel Williamsburg FCI (doc. #67) to respond to discovery requests is DENIED as Williamsburg FCI is a non-party. However, the Clerk's office is directed to promptly send two unsigned blank subpoena forms to the Plaintiff. Plaintiff shall appropriately fill them out and return them to the court for review, within ten (10) days of the date of this order. Once the subpoena forms have been appropriately completed and returned, they will be signed and sent back to the Plaintiff for service on Williamsburg FCI within thirty (30) days from the date the Clerk's office mails the signed subpoenas to Plaintiff.

Also, presently before the court is Plaintiff's motion entitled "Motion to Extent [sic] Time Beyond (120) days for serving three Defendants." (Doc. #58). In this document, Plaintiff requests an additional thirty (30) days after receipt of discovery requests "revealing the true identify of these three Defendants for completing the necessary U.S. Marshal forms" to serve "Nurse Julie Callahan Murphy,"and John and Jane Does (Id.).

Defendants John Doe and Jane Doe, Transportation Officers of Kirkland, Warden Bernard Mckie, Mr. Capers, and Mr. Beckett responded to this motion asserting that Plaintiff's motion to extend time beyond the 120 days for serving three defendants should be denied. These Defendants assert that Plaintiff's motion does not comply with Local Civil Rule 6.01 which provides that motions for enlargement of time must be accompanied by an affidavit or other statement providing the reasons for the request and must include the dates of the current deadline, whether the deadline has previously been extended, the number of additional days requests, as well as the date of the proposed new deadline, and whether the extension would affect other deadlines. Additionally, these

Defendants argue that Plaintiff has not shown good cause for his failure to serve the complaint on the three defendants. Particularly as to Defendant Murphy, these Defendants argue that Plaintiff has the full name of Nurse Murphy listed in his motion and still failed to properly serve her.

On January 2, 2013, Defendants Dr. Moore, Dr. Bennett, and Jane Doe, Nurse of Kirkland identified as Yolanda Hernandez, filed a response to the motion asserting the motion should be denied for failure to comply with the requirements in the Federal Rules of Civil Procedure and/or the Local Civil Rules and has not shown good cause why the time should be extended. These Defendants contend Plaintiff has failed to comply with Local Civil Rule 6.01 in that he failed to include an affidavit or statement giving reasons for the extension, did not set forth the current deadline, and failed to show good cause for the failure to serve the complaint under Rule 4m of the Federal Rules of Civil Procedure.

Pursuant to Rule 4m of the Federal Rules of Civil Procedure, "[t]he summons and complaint must be served within 120 days after the complaint is filed, unless the plaintiff is able to show 'good cause' why process could not be served within that time. If 'good cause' is not shown, the district court must either dismiss the lawsuit without prejudice or, in its discretion, direct that service be accomplished within a new specified time." Minimally, good cause requires a showing of good faith and a reasonable basis, beyond the plaintiff's control for failure to comply with Rule 4m.[1]

Plaintiff's motion to extend time to complete service (doc. #58) is granted in part and denied in part. Plaintiff listed Nurse Murphy's full name in his motion. Therefore, the office of the Clerk of Court will forward Plaintiff the service form, USM-285, to complete for service of Nurse Murphy. Plaintiff is directed to return this completed form to the court within fifteen (15) days from the date

---

[1] See Mann v. Castiel, 681 F. 3d 368, 374-75 (D.C. Cir. 2012).

of this order. As to Defendants John and Jane Doe, Plaintiff has attempted to learn their names through discovery[2] and has requested subpoena forms for Williamsburg FCI. As Plaintiff has shown good cause for not serving these two Defendants pursuant to Rule 4m, his motion (Doc. # 58) is GRANTED IN PART AND DENIED IN PART. Plaintiff shall have sixty (60) days from the date of this order to return the service forms, USM-285, to the court for Jane and John Doe.

Due to the fact that Plaintiff is attempting service of a new party, Nurse Murphy, and is attempting to learn the names of the two transportation officers by way of subpoena, the two motions for summary judgment (docs. # 68 and #72) are deemed MOOT with right to re-file. After Plaintiff has had opportunity to attempt service of Nurse Murphy since learning her full name, and the potential to learn the names of John and Jane Doe by way of subpoena as outlined above and to have them served, the court will enter a new scheduling order setting a dispositive motions deadline.[3] Accordingly, Plaintiff's motion to extend the time to respond to the motion for summary judgment (doc. #78) is deemed MOOT.

IT IS SO ORDERED.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 10, 2013
Florence, South Carolina

---

[2] Defendants responded to the request to name the two "transportation officers (one black female; the other a black male) that transported him to Kirkland's R & E Center" from Williamsburg FCI. Defendants simply responded that they were "not in possession of any information responsive to this request." Plaintiff has also attempted to learn this information through a subpoena to Willamsburg FCI which the court is forwarding subpoena forms for review as outlined above.

[3] If Plaintiff does not comply with the directives set out in this order, Defendants will have the right to re-file their dispositive motions on or before October 7, 2013.